**FRANKEL & SMITH BEAUTY DEPARTMENTS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 190, Docket 20794.

Circuit Court of Appeals, Second Circuit.

March 22, 1948.

Saul I. Radin, of New York City, for petitioner.

Theron Lamar Caudle, Sewall Key, George A. Stinson and S. Walter Shine, all of Washington, D. C., for respondent.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We have some doubt as to the correctness of taxpayer's basic contention that, for purposes of § 719(a) (1), any unconditional written obligation, contained in a contract, to pay a sum certain is a "note"; but, as the Commissioner does not, at least in this case, take issue with that contention, we shall here accept it arguendo. Even so, we agree with the Tax Court that no "note" exists here.

In the first place, as of the date when the parties contracted, no one could tell, from the face of the contract or otherwise, the amount for which taxpayer was liable, since the undertaking, even assuming it was unconditional, was to pay a sum "not to exceed a total cost of $75,000." Accordingly, we do not have here a sum certain.

In the second place, the obligation, in several respects, was not unconditional. We need point to but one condition: Jordan Marsh had the right to terminate the agreement at will, on sixty days' notice at any one of divers dates during the ten-year period of the lease; if it so acted, then, by the provisions of the contract, taxpayer was not required to make any further payments and Jordan Marsh was required to pay taxpayer "for each month of the unexpired term a sum equal to 1/120 part of the $25,000 initially paid by the" taxpayer.

As we agree with the Tax Court, we do not consider whether its decision is within so much of the doctrine of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 as still remains intact.

Affirmed.